**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  ED 13-02012-VAP (DTBx)                              Date:  November 15, 2013

Title:     WEDGEWOOD COMMUNITY FUND II, LLC -v- ANDRE ROBINSON
           AND DOES 1 TO 10
===============================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                None Present
    Courtroom Deputy                             Court Reporter

ATTORNEYS PRESENT FOR                    ATTORNEYS PRESENT FOR
PLAINTIFFS:                              DEFENDANTS:

    None                                     None

PROCEEDINGS:       MINUTE ORDER REMANDING ACTION TO THE SAN
                   BERNARDINO COUNTY SUPERIOR COURT (IN
                   CHAMBERS)

       On March 19, 2013, Plaintiff Wedgewood Community Fund II, LLC ("Plaintiff") filed a Complaint in the California Superior Court, County of San Bernardino, asserting an unlawful detainer claim against Defendant Andre Robinson ("Defendant").  (See Not. of Removal (Doc. No. 1) at 43-45 ("Complaint").)  On November 4, 2013, pro se Defendant filed a Notice of Removal, removing the case to this Court on the basis of federal question and diversity jurisdiction.  (See Not. of Removal at 2-3.)  From the Complaint and the Notice of Removal, it is clear that the Court does not have subject-matter jurisdiction in this action.  For the reasons set forth below, the Court REMANDS the case to the California Superior Court, County of San Bernardino.

MINUTES FORM 11                                      Initials of Deputy Clerk __md___
CIVIL -- GEN                     Page 1

ED 13-02012-VAP (DTBx)
WEDGEWOOD COMMUNITY FUND II, LLC v. ANDRE ROBINSON AND DOES 1 TO 10
MINUTE ORDER of November 15, 2013

    Removal jurisdiction is governed by statute. See 28 U.S.C. §§ 1441, et seq. The Ninth Circuit applies a strong presumption against removal jurisdiction, Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988), and "the defendant always has the burden of establishing that removal is proper," Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./ Citibank (S.D.), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction").

    "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1069 (9th Cir. 2005). Under 28 U.S.C. § 1331, the Court has jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987). Under 28 U.S.C. § 1332(a), the Court has jurisdiction over civil actions that commenced in state courts when the amount in controversy exceeds $75,000 and the citizenship of the parties is completely diverse. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978).

    Here, the first basis for removal is federal question jurisdiction. 28 U.S.C. § 1331. Defendant asserts the Court has jurisdiction over this action because Plaintiff's actions constitute "the taking of real property without due process," in violation of the Fifth and Fourteenth Amendments. (Not. of Removal at 3.) The

ED 13-02012-VAP (DTBx)
WEDGEWOOD COMMUNITY FUND II, LLC v. ANDRE ROBINSON AND DOES 1 TO 10
MINUTE ORDER of November 15, 2013

Complaint itself, however, does not raise a takings issue or any other federal claims, but only alleges California state law claim of unlawful detainer. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint). Defendant's reference to the takings issue seems only to be a potential defense or counterclaim, neither of which is considered in evaluating whether a federal question appears on the face of a complaint. See ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000) ("A case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." (citation and internal quotation marks omitted)); see also Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.") The Court thus finds that Defendant has failed to provide a basis upon which this Court may exercise federal question jurisdiction.

The second basis for removal is diversity jurisdiction under 28 U.S.C. § 1332(a). In the Notice of Removal, Defendant makes no allegations regarding the citizenship of the parties or the amount in controversy. Defendant states only that the Court's diversity jurisdiction is based on "[residency of different parties]," without indicating the citizenship of the parties. As for the amount in controversy, the Complaint indicates only that the demand exceeds $10,000, but Defendant nowhere alleges that the amount in controversy exceeds $75,000. (See Compl. at 1.) The Court thus finds that Defendant has failed to meet the diversity-of-citizenship requirement.

Separately, Defendant announces that a related action in the San Bernardino County Superior Court, in which he is the plaintiff – Andre Robinson v. OneWest Bank, FSB, et al., No. CIVRS1306085 – will soon be removed to the Court. (Not. of Removal at 2.) Defendant asserts the Court should consolidate that action with the instant action based on federal question and diversity jurisdiction. (Id.) Plaintiff, however, is also the plaintiff in that related state action and has no power to remove the case to this Court. As such, the possibility of consolidation that Plaintiff raises is

ED 13-02012-VAP (DTBx)
WEDGEWOOD COMMUNITY FUND II, LLC v. ANDRE ROBINSON AND DOES 1 TO 10
MINUTE ORDER of November 15, 2013

unripe, speculative, and irrelevant, and cannot provide a basis for the Court's jurisdiction over this action.

As no proper basis for removal exists, the Court finds that it lacks subject-matter jurisdiction and REMANDS this matter to the California Superior Court for the County of San Bernardino.

**IT IS SO ORDERED.**